EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL OQUENDO, acusado y apelante.

No. 4919.—*Sometido:* Diciembre 7, 1932. *Resuelto:* Diciembre 13, 1932.

*José E. Díaz,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Angel Oquendo fué declarado culpable por la Corte de Distrito de Arecibo del delito de portar armas prohibidas. Contra esta sentencia interpuso recurso de apelación, atribuyendo a la corte inferior tres errores, que en realidad se reducen a uno solo, porque únicamente se discute en ellos la apreciación de la prueba. La prueba de la acusación sostiene que el acusado portaba ostensiblemente un revólver en el bolsillo de atrás del pantalón. La prueba de la defensa tiende a demostrar que al acusado no se le ocupó ningún revólver.

■ Según el testimonio del testigo Cándido Cacho, el acusado, en las primeras horas de la noche del día 5 de febrero de 1932, y en la calle Quiñones esquina a la de Baldorioty, del pueblo de Manatí, portaba un revólver "Smith" en forma ostensible y visible. Dice Cacho que vió al acusado portando el revólver y se lo ocupó, después de informarse de que dicho acusado no tenía licencia para portar armas. El Sr. Cacho llamó al cuartel de la policía y de allí enviaron al policía Valedón, quien llegó al sitio del suceso y recogió de manos del testigo el revólver "Smith".

Valedón declara que preguntó al acusado si tenía licencia para portar el revólver y que dicho acusado le contestó que no, agregando que era empleado y guardián de la casa del Sr. Morán y que no tenía licencia. A este testigo se le preguntó si había manifestado al Lic. José E. Díaz que el acusado nunca aceptó que el arma fuera de él y respondió que dicho acusado negó los hechos a presencia del Jefe de la Policía en el cuartel. El Lic. Díaz declaró que Valedón le dijo que el acusado negó que portaba un revólver. La declaración de este policía y sus manifestaciones al Lic. Díaz no se contradicen. Valedón, cuando ocupó el revólver, preguntó al acusado si tenía licencia y éste le contestó que no. Cualquiera que sea la interpretación que pueda darse a esta contestación, el policía no podía decir que el acusado le dijo que portaba el revólver. Luego, en el cuartel, Oquendo negó los hechos ante el Jefe de la Policía. El policía Valedón

se ajustó a la verdad cuando dijo que el acusado negó que portara el revólver.

Los testigos de la defensa declaran que no vieron revólver alguno al acusado. José López dice, entre otras cosas, que estaba en el balcón de su casa y que desde allí vió que el Juez Cacho le entregó un revólver al policía Valedón y que no puede asegurar si Cacho se acercó en algún momento al acusado; que después que llegó el policía el acusado se acercó, cuando lo llamaron. Ramón Menéndez declara entre otras cosas, que vió que Cándido Cacho llamó al policía Valedón, se sacó del bolsillo de atrás un revólver y se lo entregó, y que el acusado se acercó donde estaba el Juez Cacho cuando lo llamaron. Adolfo Morales declara, entre otras cosas, que vió cuando llegó el policía Valedón llamado por el Juez; que no vió a Oquendo acercarse a Cacho en ningún momento; que sabe que Cacho llamó al policía Valedón pero no puede decir si le entregó o dejó de entregar el revólver, que el testigo se encontraba bastante cerca del sitio donde estaban Cacho y Oquendo. El acusado declara, entre otras cosas, que vió cuando Cacho se sacó un revólver del bolsillo de atrás, que lo entregó al policía Valedón y que entonces Valedón llamó al acusado, manifestándole que el Juez Cacho le había entregado el revólver diciéndole que se lo había ocupado a él, y que en ningún momento se acercó al Juez Cacho antes de llegar Valedón. Los testigos José Morán y Deogracias Rodríguez no presenciaron los hechos.

Esta es la prueba practicada. No surge de los autos que la corte inferior actuara en la apreciación de la misma movida por un sentimiento de parcialidad, pasión o prejuicio. Es la corte sentenciadora la llamada a apreciar la prueba aportada y nosotros debemos respetar su apreciación, a menos que existan razones que justifiquen nuestra intervención, de acuerdo con la jurisprudencia constantemente sostenida por este tribunal.

Alega además el acusado que, aun asumiendo que se le hubiese ocupado el revólver el día de autos, no sería cul-

pable del delito imputado, porque dicho acusado se hallaba celando y cuidando los almacenes de tabaco de Ramón Morán & Cía., como empleado o celador.

La doctrina establecida en los casos de Bosch y Rodríguez (*El Pueblo* v. *Eloy Bosch* y *El Pueblo* v. *Encarnación Rodríguez,* resueltos ambos en los primeros días del mes de julio de 1932, 43 D.P.R. 741 y 749, respectivamente) citados por el acusado, no es aplicable al presente caso. La prueba del acusado tiende a demostrar que no portaba arma alguna. El mismo acusado declara que Cacho se sacó del bolsillo el revólver y se lo entregó al policía. En los casos de Bosch y Rodríguez se aceptó por los acusados la portación del arma y se demostró por la prueba su condición de celadores. No concurren en este caso las mismas circunstancias que en aquellos casos concurrieron. Angel Oquendo, aun asumiendo que fuese celador, no se encontraba dentro de la finca ni fuera de ella en el ejercicio de sus funciones, de acuerdo con la prueba practicada. En este caso se trata sencillamente de la portación de un arma en plena calle, y es evidente que el acusado no tenía derecho a portar el arma que se le ocupó en estas condiciones.

*Por las razones expuestas debe confirmarse la sentencia apelada.*

Los Jueces Presidente Señor del Toro y Asociado Señor Aldrey están conformes con la sentencia.